FILED  
United States Court of Appeals  
Tenth Circuit

April 25, 2024

Christopher M. Wolpert  
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| JAMES COREY GOODE, et al.,<br><br>    Plaintiff Counterclaim Defendants - Appellees,<br><br>v.<br><br>ALYSSA CHRYSTIE MONTALBANO,<br><br>    Defendant Counter Claimant Cross Claimant Third-Party Plaintiff - Appellant,<br><br>KIERSTEN MEDVEDICH, et al.,<br><br>    Defendant Crossclaim Cross Defendants - Appellee,<br><br>and<br><br>LIGHT WARRIOR LEGAL FUND, LLC, et al.,<br><br>    Third-Party Defendants - Appellees. | No. 24-1171<br>(D.C. No. 1:20-CV-00742-DDD-KAS)<br>(D. Colo.) |

_____

**ORDER**

_____

    This matter is before the court following the opening of this appeal. Pro se defendant Alyssa Chrystie Montalbano filed a notice of appeal from the district court's March 29, 2024, order granting her motion to dismiss all of the plaintiffs' claims against her (ECF No. 384). We have identified two potential jurisdictional defects, either of which may be sufficient to dismiss this appeal upon filing. First, the order being appealed

is not the district court's final resolution of the case below. Second, it does not appear the appellant has standing to appeal the order. In light of these two problems, it appears this court is without jurisdiction, so we are considering summary dismissal. 10th Cir. R. 27.3(B). Regular proceedings in this appeal, including briefing on the merits, are SUSPENDED pending further written order of this court. *See id.* 27.3(C).

First, the order being appealed appears to be merely an interlocutory order that is not appealable now. Appellate courts like this one generally have jurisdiction to review only **final decisions** of district courts. 28 U.S.C. § 1291; *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (final decision resolves all claims against all parties) and *Southern Ute Indian Tribe v. Leavitt*, 564 F.3d 1198, 1207 (10th Cir. 2009) (piecemeal review of interlocutory district courts not allowed).

Here, the district court case remains ongoing. The order being appealed expressly stated the order was only dismissing the plaintiffs' claims against this defendant. Claims remain pending against other parties, including the appellant's counterclaim against one plaintiff (according to her motion filed in the district court seeking a stay of certain proceedings there (ECF No. 391)). Importantly, no final judgment has been entered to signal the end of the case. *See* Fed. R. Civ. P. 58. Thus, the underlying case has not reached its end in the district court such that an appeal could be taken from a final decision.

A very limited set of interlocutory orders are appealable before entry of final judgment. No known exception to the final judgment rule appears to apply to the order being appealed here, however. *See, e.g.*, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen*

*v. Beneficial Industrial Loan Corp.* 337 U.S. 541 (1949). In short, the district court case is not over, no exception to the final judgment rule seems to apply, and the appeal was likely filed too soon.

Even if the appellant could appeal now, she may lack standing to do so. As noted above, the order being appealed dismissed all of the plaintiffs' claims as they applied to her, leaving no adverse decision rendered against this defendant. A party must have standing to seek appellate review. *Thomas v. v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011). The "irreducible constitutional minimum of standing" requires establishment of three elements: (1) "injury in fact," (2) a causal connection between the injury and conduct complained of, and (3) it is "likely . . . that the injury will be redressed by a favorable decision" in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted). Generally, only a party aggrieved by a district court order may exercise the right to appeal from the judgment or order. *Miami Tribe of Oklahoma v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011) (citing *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980)). If the order was not adverse to the appealing party, then the appellant has not been harmed nor would a favorable decision by an appellate court have any effect. Thus, the appealing party would lack standing to pursue any appeal.

**On or before May 9, 2024**, Defendant Montalbano is directed to file in this court a memorandum brief explaining any legal basis why this court has jurisdiction to consider her appeal of a non-final order now. *See* 10th Cir. R. 27.3(B) (describing requirements for memorandum briefs on potentially dispositive issues). The

3

memorandum brief shall address only the jurisdictional questions regarding the order being appealed in this case and no other. Alternatively, Ms. Montalbano may elect to do nothing, and we may dismiss the appeal for lack of prosecution without further notice. *See* 10th Cir. R. 42.1.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk